[Civ. No. 19586.   First Dist., Div. Two.   June 26, 1961.]

JOHN P. ENSLOW, Appellant, v. FRED C. von
GUENTHNER, Respondent.

Pelletreau, Gowen, Moses & Porlier and William P. Moses for Appellant.

Ring, Turner, Ring & Wright and Loy Dale Wright for Respondent.

McCABE, J. pro tem.*—Plaintiff brought an action against defendant to recover judgment in damages on an agreement.

*Assigned by Chairman of Judicial Council.

From a judgment in favor of defendant, plaintiff pursues this appeal.

Under a written agreement defendant had constructed certain buildings for plaintiff. Upon the completion of the buildings, plaintiff withheld the last payments of money from defendant, claiming as his right to do so that the roof was defective. Later plaintiff and defendant were together in defendant's office and at plaintiff's dictation the following paper was written:

"FRED C. VON GUENTHNER
General Contractor

"RE: ENSLOW SHOPPING CENTER
WALNUT CREEK, CALIFORNIA

5/17/57

"Received account in full for all labor and materials on above mentioned job. All defective roofs and damages resulting from leaks will be replaced by insurance company and/or Linville Bros. Roofing Company or Fred C. von Guenthner as per one (1) years guarantee on contract.

"/s/ Fred C. von Guenthner

FRED C. VON GUENTHNER
"Contractor"

By his complaint plaintiff sought to recover damages "to the building and the stock and merchandise of plaintiff's tenants." It is noted plaintiff does not sue on the original written construction agreement entered into between the parties but bases his action solely upon the agreement dated "5/17/57."

Defendant answered the complaint admitting the construction of the building but denying defective construction, and alleging that the "5/17/57" paper was lacking in consideration and denying the remaining allegations of the complaint.

Over the objections of plaintiff, and upon the ground that the "5/17/57" agreement was ambiguous, evidence was admitted regarding the circumstances under which the agreement was signed. The original construction agreement was admitted into evidence.

Plaintiff admitted the plans for the original construction were incomplete and that he made oral changes during construction, including changes in roof construction and installation of the drains or scuppers. The original construction agreement provided all changes were to be in writing. Plaintiff supplied "pecky cedar" with which to cover the roof and required

its installation. Defendant testified the "pecky cedar" had holes in it which when covered with tar paper was susceptible of being punctured if people walked over it.

At the time the defendant signed the "5/17/57" agreement, both he and plaintiff were aware there were leaks, although defendant testified the leaks were not as a result of faulty construction on his part. Plaintiff refused to pay the final installments of money until defendant signed the "5/17/57" agreement.

The findings of the trial court pertinent to this appeal were (1) there was no defective construction, and (2) there was no consideration for the "5/17/57" agreement.

Upon this appeal plaintiff presents the following issues: (1) Was the agreement dated "5/17/57" a contract, and if so, was there sufficient consideration? (2) Did the court err regarding the admission of evidence over the objection of plaintiff as to the prior conduct of the parties? (3) Are the findings and judgment supported by the evidence and law?

In support of his position that consideration for the "5/17/57" agreement was present, plaintiff asserts (1) it was in compromise of a claim, (2) it was a novation, (3) it was in giving up the right to arbitration.

In this action plaintiff finds himself in an awkward legal position. All of the matters before the court develop from the original construction agreement, although plaintiff seeks to avoid this legal position by the claims above set forth.

A compromise of a claim may furnish consideration for an agreement (*Nesbitt Fruit Products, Inc.* v. *Del Monte Beverage Co.*, 177 Cal.App.2d 353 [2 Cal.Rptr. 333]; *Baker* v. *Philbin*, 97 Cal.App.2d 393 [218 P.2d 119]), but the compromise must concern an honest dispute over the interpretation of the original agreement in order to constitute new consideration. (Williston, Contracts, § 536; Rest., Contracts, § 76.)     Also, to constitute an effective compromise agreement there must exist some evidence of mutual intention of the parties that they are resolving differences.     The courts will not assume the parties have reached an agreement to compromise. (*Putman* v. *Cameron*, 129 Cal.App.2d 89 [276 P.2d 102]; *Burgess* v. *California Mutual B. & L. Assn.*, 210 Cal. 180 [290 P. 1029].)

It clearly appears defendant was receiving money which he was entitled to receive under the original construction contract and which plaintiff was bound to pay him. There was evidence from which the trial court could find

defendant by the "5/17/57" agreement was agreeing to do no more than he was bound to do under the original construction agreement. Further, the "5/17/57" agreement does not use words indicating a compromise and from the evidence before us there was no mutuality of intention to settle differences.

Novation is the substitution of a new obligation for an existing one. (Civ. Code, § 1531.) The verbiage of the "5/17/57" agreement clearly and concisely negates any intention to extinguish the old agreement by the use of the expression, ". . . All defective roofs and damages resulting from leaks will be replaced by . . . Fred C. von Guenthner as per one (1) years guarantee on contract. . . ." These words clearly indicate it was not the intention of either the plaintiff or defendant to extinguish another existing agreement. It might be argued with some merit that the "5/17/57" agreement was merely a clarification of another agreement, but obviously not an extinguishment of it.

The original construction agreement had a provision requiring arbitration in the event of a dispute. Plaintiff now claims he waived the right of arbitration and thus the waiver of this right was in consideration for the "5/17/57" agreement. Apparently this argument was never presented to the trial court but even if it had been presented, plaintiff finds himself on a sterile legal plateau.

In *Simmons* v. *California Institute of Technology,* 34 Cal.2d 264 [209 P.2d 581], the court said, at page 272: "But the consideration for a promise must be an act or a return promise, bargained for and given in exchange for the promise. (*Bard* v. *Kent,* 19 Cal.2d 449 [122 P.2d 8, 139 A.L.R. 1032]; *Tiffany & Co.* v. *Spreckels,* 202 Cal. 778 [262 P. 742]; *Williams* v. *Hasshagen,* 166 Cal. 386 [137 P. 9]; *Lasar* v. *Johnson,* 125 Cal. 549 [58 P. 161]; Rest., Contracts, § 75; see Williston, Contracts [rev. ed.], §§ 61, 100, 102, 102a.) In the words of section 75 of the Restatement of Contracts (com. b): 'Consideration must actually be bargained for as the exchange for the promise. . . . The existence or nonexistence of a bargain where something has been parted with by the promisee or received by the promisor depends upon the manifested intention of the parties. . . . The fact that the promisee relies on the promise to his injury, or the promisor gains some advantage therefrom, does not establish consideration without the element of bargain or agreed exchange.' (Language approved in *Bard* v. *Kent, supra,* p. 452 [19 Cal.2d].)"

Neither defendant nor plaintiff bargained for the waiver of arbitration right as exchange for the promise and there was no intention manifested to do so.

The trial court committed no error in admitting testimony over the objection of plaintiff as to the original construction contract, the advisability of using "pecky cedar" on the roof, and the prior conduct of the parties. Standing alone, the meaning of the "5/17/57" agreement was not clear to either the plaintiff, the defendant, or the court. This is sufficient reason for allowing evidence to be introduced to aid the court in understanding and interpreting the "5/17/57" agreement. (*Television Arts Productions, Inc.* v. *Jerry Fairbanks, Inc.*, 164 Cal.App.2d 842 [331 P.2d 117]; *Laux* v. *Freed*, 53 Cal.2d 512 [348 P.2d 873].)

A search of the record reflects that there was substantial evidence upon which the court could base and make its findings the building was not defectively constructed by defendant. The substantial evidence which supports findings places them beyond the reach of an appellate court. (*Key* v. *McCabe*, 54 Cal.2d 736 [8 Cal.Rptr. 425, 356 P.2d 169]; *DeYoung* v. *DeYoung*, 27 Cal.2d 521 [165 P.2d 457]; *Viner* v. *Untrecht*, 26 Cal.2d 261 [158 P.2d 3]; *Juchert* v. *California Water Service Co.*, 16 Cal.2d 500 [106 P.2d 886].)

Defendant testified changes of design were ordered by plaintiff on the job and during construction. Plaintiff moved to strike this testimony, contending the orders for changes in design were given to defendant's foreman and not to defendant. The court denied the motion to strike. Assuming the denial of the motion was error, plaintiff was not prejudiced thereby because the same area of inquiry was covered by other witnesses. (*Inouye* v. *McCall*, 35 Cal.App.2d 634 [96 P.2d 386]; *Brunskill* v. *Stutman*, 186 Cal.App.2d 97 [8 Cal.Rptr. 910].)

By reason of the decision of this court on other grounds, it is not necessary to decide whether plaintiff could recover for damages to the stock of merchandise of his tenants.

Judgment affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied July 26, 1961, and appellant's petition for a hearing by the Supreme Court was denied August 23, 1961. Traynor, J., was of the opinion that the petition should be granted.