[Civ. No. 46232. First Dist., Div. One. July 1, 1980.]

DOYLE E. HASTINGS et al., Plaintiffs,
Cross-defendants and Respondents, v.
DONALD LEWIS MATLOCK et al., Defendants,
Cross-complainants and Appellants.

COUNSEL

Timothy J. Ward, Hays, Sanford & Latta, Harold C. Brown and Garret McEnerney II for Defendants, Cross-complainants and Appellants.

Phillip M. Steinbock, Steinbock & Hofmann, Gary L. Olimpia, Kelly, Leal & Olimpia and Mark F. Schroeder for Plaintiffs, Cross-defendants and Respondents.

OPINION

RACANELLI, P. J.—The questions on appeal arise as a result of the enforcement of an alleged out of court oral settlement of litigation which included an action for rescission of a real estate transaction, a cross-action for damages and a separate action for unlawful detainer. The pivotal issue centers upon the validity of the use of a nonstatutory "speaking motion" seeking to compel specific enforcement of such a disputed oral settlement and release agreement. We conclude that the motion procedure employed to summarily adjudicate a disputed factual controversy is invalid. We further conclude that the validity of the purported oral settlement agreement may be appropriately considered under established pretrial summary motion procedures.

*Facts*

On September 24, 1976, the parties entered into a written contract for the purchase and sale of a two-and-one-half-acre parcel with a four bedroom house to be constructed thereon by respondent Doyle Hastings, a licensed contractor. The agreed purchase price, excluding additional improvements undertaken at appellants' expense, was $206,800. After appellants had taken interim possession of the completed house pursuant to a "prerecordation rental agreement," their inspection revealed a number of construction defects requiring substantial corrections. On September 27, 1977, respondents filed a complaint

for compensatory damages and rescission as a result of the dispute over the claimed defects. Thereafter, appellants filed a cross-complaint seeking to recover—inter alia—costs for correction of the listed defects and for the value of improvements made in good faith (see Code Civ. Proc., § 871.1). On April 6, 1978, respondents filed a related action for unlawful detainer.

On May 26, 1978, settlement negotiations were initiated during the course of pretrial depositions in the offices of Steinbock & Hofmann, respondents' counsel. Following a series of counterproposals, an oral settlement agreement was apparently reached between counsel which provided for deferred payment of the agreed sum of $142,843 to reimburse appellants for their downpayment and out of pocket improvement expenditures. A written "Settlement and Release Agreement" with addendum was thereafter drafted by respondents' counsel purporting to reflect the terms and conditions of settlement. The written agreement provided—inter alia—for cross-dismissals with prejudice, a general release of all related known and unknown claims (Civ. Code, § 1542) and that the written release constituted the "entire agreement" whose terms were "contractual and not a mere recital." Since Mrs. Matlock would not agree to the condition of deferred payment, neither appellant executed the prepared settlement agreement and they both considered the settlement negotiations ended.

On July 3, 1978, respondents filed a motion in the related actions for an "order compelling enforcement of settlement and release agreement" and judgment thereon. On July 28, 1978, an evidentiary hearing was held; at its conclusion the trial court announced that a settlement had been reached upon the terms stated in the "affidavit of Mr. Steinbock" and thereafter ordered the settlement "embodied in a judgment." Upon denial of appellants' timely request for written findings and conclusions, the trial court gave formal judgment in the combined actions upon terms generally consistent with those outlined in the Steinbock declaration.[1] This appeal ensued.

---

[1]Actual rescission and surrender of possession was conditioned upon the agreed cash payment within 45 days from judgment; however, appellants were entitled to remain in possession for 90 days subject to an "interest" payment at the monthly rate of $2,000 for the period of occupancy extending beyond date of tender of payment. Attorneys fees were awarded respondents with executed enabling documents and the net cash payment to be delivered through any "local title company."

## I

■ Among appellants' contentions on appeal is the claim that a motion to compel specific enforcement of an alleged oral settlement agreement is procedurally defective since it operates to deny them a fair and meaningful opportunity to be heard on the merits, in contravention of minimum due process requirements.[2] (See *Mihans* v. *Municipal Court* (1970) 7 Cal.App.3d 479, 484 [87 Cal.Rptr. 17]; see also *In re Marriage of Coffin* (1976) 63 Cal.App.3d 139 [133 Cal.Rptr. 583].) In particular, appellants argue that a nonstatutory summary motion proceeding to compel enforcement of an "out of court" oral settlement is without precedent and totally improper.

Relying upon *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213 [142 Cal.Rptr. 563], respondents counter that the challenged procedure is in nature a request for specific performance within an existing action traditionally subject to summary equitable enforcement. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 179, p. 3749.)

## II

The summary procedure employed below was in practical effect illustrative of the formerly recognized nonstatutory "speaking motion" based upon facts outside the pleadings. (See *Pianka* v. *State of California* (1956) 46 Cal.2d 208, 211 [293 P.2d 458]; *Lerner* v. *Ehrlich* (1963) 222 Cal.App.2d 168, 171 [35 Cal.Rptr. 106]; see also 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 856, p. 2459.) That once recognized judicially developed procedure to resolve meritless actions has long since been superseded by statutory enactment governing motions for summary judgment. (*Pianka* v. *State of California, supra,* at pp. 211-212; accord *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 167-168 [95 Cal.Rptr. 623, 486 P.2d 151]; *Lavine* v. *Jessup* (1957) 48 Cal.2d 611, 614, fn. 2 [311 P.2d 8]; see Code Civ. Proc., § 437c.) ■ Thus, it is now well established that the purported speaking motion must be treated as a motion for summary judgment (*Vesely* v. *Sager, supra,* at pp. 167-168, and authorities collected in fn. 7; *Pianka* v. *State of Cali-*

---

[2]Appellants further contend that both the standard and quantum of proof was inadequate, that the oral agreement violated the statute of frauds, that the decision wrongfully defeated Mrs. Matlock's rights of equal management and control of community property (Civ. Code, § 5127) and that the judgment is unsupported by written findings and conclusions. We discuss some of those added issues only tangentially.

*fornia, supra*, at p. 212), which may be granted only if "all the papers submitted show that there is no triable issue as to any material fact and...[movant]...is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c; *Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785]; *Arnold* v. *Hibernia S. & L. Soc.* (1944) 23 Cal.2d 741, 745 [146 P.2d 684]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, §§ 173-174, pp. 2825-2828.)

An examination of the record discloses a number of material factual disputes concerning both the existence and the terms of the alleged agreement.[3] Had the issue of settlement been properly pleaded, the issue could have been separately determined in advance of any trial on the merits. (See Code Civ. Proc., § 597; *Silver* v. *Shemanski* (1949) 89 Cal.App.2d 520, 530 [201 P.2d 418]; *Kreling* v. *Walsh* (1947) 77 Cal.App.2d 821, 835 [176 P.2d 965].) But in the absence of a pretrial determination of such a special defense as a bar to further prosecution, the circumstance that oral testimony was presented and considered in amplification of conflicting declarations does not transmute the novel proceeding into a full trial of such special issue. (See *Gardner* v. *Shreve* (1949) 89 Cal.App.2d 804, 808-809 [202 P.2d 322].)

Unlike *Gregory* v. *Hamilton, supra*, 77 Cal.App.3d 213 (involving enforcement of a judicially supervised settlement related to personal injury litigation), enforcement of an unpleaded, out of court settlement purporting to effect the rescission of a partly performed realty purchase agreement, surrender of possession and payment of substantial dam-

---

[3]The opposing declarations differed sharply. The Steinbock declaration presupposed that oral acceptance of the settlement offer depended upon agreed reimbursement no sooner than 45 nor later than 90 days from date. Further engrafted conditions included 1) verification of the extra expenditures listed by appellants, 2) fixing of a "reasonable rate" rental equivalent to be paid during a part of the agreed 3 months postrescission period of possession, and 3) maintenance of the premises. The latter condition triggered Mrs. Matlock's abrupt departure from the continuing negotiations. The alleged agreement was reduced to writing at the insistence and under the direction of Mr. Steinbock, which included the fixing of a monthly sum of $2,000 rental to be designated as interest for tax deduction purposes.

In contrast, Mr. Crawford acknowledged acceptance of the amount fixed for payment of interest in lieu of rental, but expected a check to be "cut" immediately for the agreed reimbursement. He later testified that he expected such payment "very quickly" or "very early the next week." The condition of immediate repayment was reconfirmed in the declarations of appellants, both of whom stated that no agreement was ever reached as to the amount to be paid during the limited period of occupancy.

ages, is without precedent.[4] Not only were some of the material terms in factual conflict (notably the time of payment and amount of rental), it is even debatable whether the parties intended a final oral settlement (see *Enslow* v. *von Guenthner* (1961) 193 Cal.App.2d 318 [14 Cal. Rptr. 231]; *Hall* v. *Puente Oil Co.* (1920) 47 Cal.App. 611 [191 P. 39]), as distinguished from a written settlement and release agreement. (See *Nolte* v. *Southern Cal. Home Bldg. Co.* (1938) 28 Cal.App.2d 532 [82 P.2d 946]; *Las Palmas etc. Distillery* v. *Garrett & Co.* (1914) 167 Cal. 397 [139 P. 1077].) ■ And although adjustment of conflicting claims may be effected by an oral settlement otherwise consistent with the statute of frauds (see *Isaacson* v. *City of Oakland* (1968) 263 Cal.App.2d 414 [69 Cal.Rptr. 379]; see generally 12 Cal.Jur.3d, Compromise, Settlement, and Release, § 52, p. 350), a *release* agreement is designed to effect an abandonment, relinquishment or surrender of a known right or claim operating to extinguish a cause of action.[5] (See *Pellett* v. *Sonotone Corp.* (1945) 26 Cal.2d 705 [160 P.2d 783, 160 A.L.R. 863].) Such an agreement must be expressly pleaded and proved either as an affirmative defense (see *San Pedro Lumber Co.* v. *Reynolds* (1898) 121 Cal. 74 [53 P. 410]) or as a specifically performable settlement and release agreement (see 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 638-660, *passim*, pp. 2266-2284), alleging a definite, just and reasonable contract, adequacy of consideration and resultant breach. (See *Marshall* v. *Hilton* (1930) 209 Cal. 531 [289 P. 165]; *White* v. *Sage* (1906) 149 Cal. 613 [87 P. 193]; *Lucientes* v. *Bliss* (1958) 157 Cal.App.2d 565 [321 P.2d 526]; *Caspar Lumber Co.* v. *Stowell* (1940) 37 Cal.App.2d 58 [98 P.2d 744]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 639, pp. 2266-2267.)

■ We do not believe that the unique remedy fashioned in *Gregory* is appropriate to a full and fair determination of the material issues involved herein.[6] Viewing the challenged procedure as one for summary

[4]Although the later case of *Greyhound Lines, Inc.* v. *Superior Court* (1979) 98 Cal.App.3d 604 [159 Cal.Rptr. 657], expresses approval of the *Gregory* approach to enforcement of judicially supervised settlements, we note that the decision itself turned upon a failure of proof of the material terms of the proferred settlement.

[5]Indeed, the conditions of release contained in the written settlement and release agreement strongly suggest that the more comprehensive release agreement was intended at least by respondents.

[6]The reasoning underlying the *Gregory* holding is tenuous. Transformation of a special defense into a claim for specific performance with attendant deprival of jury verdict or written court findings is achieved *ad hominem*. (*Id.*, at p. 219.) Although the *Gregory* court recognized that specific performance actions frequently involve proof of mixed legal and equitable questions, it dismissed the issue of the need for a jury trial

judgment, we hold that the motion must be denied because of the existence of material factual conflicts reflected in the opposing declarations. (See generally *Lerner* v. *Ehrlich, supra,* 222 Cal.App.2d 168, 172; *Weichman* v. *Vetri* (1950) 100 Cal.App.2d 177, 179 [223 P.2d 288].) Of course, as earlier noted, once the issue of settlement is properly pleaded, that issue could be separately tried and determined, thus potentially avoiding the necessity of trial of the main action. (Cf. *Kreling* v. *Walsh, supra,* 77 Cal.App.2d 821, 835.)

Judgment reversed and remanded for further proceedings not inconsistent with the views expressed herein.

Elkington, J., and Newsom, J., concurred.

A petition for a rehearing was denied July 31, 1980, and respondents' petition for a hearing by the Supreme Court was denied September 10, 1980.

---

with the circular argument that none is required since no legal relief is sought aside from enforcement of the disputed agreement. Finally, reliance on the single authority cited (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 179, p. 3749) is clearly misplaced. (*Id.,* at p. 220.) It is simply too long a leap from that commentator's reasoned analysis justifying *post* judgment relief by motion, based upon extrinsic fraud or mistake, to a conclusion that the *judgment itself* may be obtained in similar summary fashion notwithstanding the absence of statutory or other applicable authority.