[Civ. No. 19828. Third Dist. Mar. 17, 1982.]

PETER F. MANCINA et al., Plaintiffs and Respondents, v. MARGARETHA M. HOAR, Defendant and Appellant.

## COUNSEL

William H. White for Defendant and Appellant.

Lobner & Bull and Kneeland H. Lobner for Plaintiffs and Respondents.

## OPINION

**REYNOSO, J.*—**At issue in this appeal is the proper means of enforcing an alleged settlement agreement. Defendant and appellant Margaretha M. Hoar contends the "speaking motion" procedure employed by plaintiffs is improper and the motion should have been treated as a motion for summary judgment. We agree. We reverse the judgment entered in favor of plaintiffs after the trial court granted their motion to enforce the purported settlement agreement. We hold that a motion for summary judgment cannot be granted when, as here, a factual question exists concerning the existence, validity and terms of the alleged settlement.

*Assigned by the Chairperson of the Judicial Council

## I

Defendant and Franklin Rockwood Hoar were married in 1966 and separated in 1976. Defendant petitioned for and was granted a dissolution of marriage from Franklin Hoar. As part of that proceeding defendant received certain property pursuant to a property settlement agreement.

In 1977 plaintiffs commenced this litigation by complaint against defendant. Plaintiffs alleged that as a copartnership they had secured a judgment against Franklin Hoar and that Peter F. Mancina had individually secured a separate judgment against Franklin Hoar. Plaintiffs brought this action in order to establish their right to execute against the property awarded to defendant in the dissolution of marriage proceeding in order to satisfy their judgments against Franklin Hoar.

On the day set for trial the court entered a minute order which provides: "Court and counsel met in chambers. A settlement has been reached this day. Counsel will prepare and submit a stipulation to the Court." Subsequently, plaintiffs' counsel wrote to defendant's counsel and set forth his understanding of the terms of the settlement. Plaintiffs' counsel indicated that he understood that defendant's counsel would prepare a judgment in rough form, and that: "We also agreed that you would obtain a date to which the trial of this matter could be definitely continued in the event that for some reason or another we hung up on the terms and conditions of our stipulation and judgment."

Defendant's counsel did not reply to that letter, and in fact took no further action in the matter. In a declaration filed with the court defendant explained that upon review of the letter from plaintiffs' counsel she refused to agree to such terms and conditions and instructed her attorney "to do nothing further in the matter in respect to negotiating a settlement."

Several months later, plaintiffs filed an at-issue memorandum and requested that the matter be set for trial. Still later, plaintiffs filed a notice of motion for an order confirming a compromise settlement. In support they filed a declaration of their counsel in which he asserted that on the day originally set for trial the parties had agreed to the essential facts in the matter and had settled the plaintiffs' claims by agreement. Counsel then set forth his version of the agreed facts and settlement terms.

Defendant opposed the motion by declaration in which she asserted that she was ill on the day of the settlement negotiations and that she did not desire to commit herself to a final settlement until she could review a written agreement. She asserted that it was agreed that a proposed settlement judgment would be drafted and that if either she or plaintiffs did not agree on the written terms then the matter would be set back on calendar for trial. When she saw the terms set forth by plaintiffs' counsel in his letter to her counsel she would not agree to those terms and so notified her attorney.

Defendant's counsel submitted a declaration in which he stated that it was his understanding that the settlement negotiations resulted in a tentative agreement but that the agreement would be reduced to writing before final approval. He believed that it was clear that the matter would be set back on calendar for trial if the written settlement was not agreed to by both sides. He further declared that defendant had expressly stated that she would not make a final decision on the settlement proposal until she had time to review it in writing. Plaintiffs submitted a declaration of Peter F. Mancina in which he outlined the settlement negotiations and stated that his counsel had said that if there was some minor element omitted from the written agreement then the court could correct the matter by utilizing the basic agreement.

The motion for an order confirming a compromise settlement was not heard by the same trial judge that originally had been involved in the negotiations. The settlement judge did not submit a declaration and nothing in the record establishes his understanding of the purported settlement. On April 14, 1980, the second trial judge granted the motion to confirm the purported settlement. Thereafter a judgment was entered which sets forth facts and terms of the settlement in accordance with the assertions of plaintiffs' counsel.

## II

Defendant argues that a motion to enforce a purported settlement was an improper procedural device in this action. We have discovered four California appellate decisions in this area. We will discuss each case in reaching our conclusion.

First, in *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213 [142 Cal.Rptr. 563], the plaintiff brought a personal injury action against the defendant and in a mandatory settlement conference was offered

$7,500 to settle the case. The plaintiff allegedly accepted the offer in the presence of the trial judge, but later refused to sign a release. The trial court granted a motion to enforce the settlement, and entered judgment in favor of the plaintiff for $7,500. On appeal the plaintiff attacked the motion procedure as an unauthorized "speaking motion," but the Court of Appeal affirmed, holding that the plaintiff was in no way prejudiced thereby. (At pp. 220-221.)

Second, in *Greyhound Lines, Inc.* v. *Superior Court* (1979) 98 Cal. App.3d 604 [159 Cal.Rptr. 657], a trial court denied a motion to enforce a settlement and the moving defendants petitioned for a writ of mandate to compel the trial court to enforce the alleged agreement. The Court of Appeal found substantial evidence to support the denial of the motion to enforce the settlement, but indicated that the procedure employed was appropriate. (At pp. 608-609.)

Third, in *Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876 [166 Cal.Rptr. 229], a trial court granted a motion to enforce a purported out-of-court settlement of real estate litigation. The Court of Appeal reversed, holding that the motion must be considered a motion for summary judgment and that sufficient factual issues to defeat such a motion were established. (At pp. 880-881.) The court severely criticized the decision in *Gregory* v. *Hamilton, supra.* (At pp. 881-882.)

Fourth, in *Ford* v. *State of California* (1981) 116 Cal.App.3d 507 [172 Cal.Rptr. 162], a trial court entered a judgment in accordance with a purported judicially supervised settlement agreement. The defendant state appealed and the Court of Appeal affirmed. One justice expressed the view that the trial court could "reasonably infer" that the settlement was firm and that the attorney for the state had the authority to settle the case, and that in the absence of fraud the law favors settlement. (At p. 518.) One justice expressed the view that under the doctrine of stare decisis the trial court and counsel properly followed *Gregory* v. *Hamilton, supra*, 77 Cal.App.3d 213, even though *Hastings* v. *Matlock, supra*, 107 Cal.App.3d 876, later came along and "demonstrated the fallacy in *Gregory.*" (116 Cal.App.3d at p. 518.) One justice dissented, stating that the decision in *Hastings* v. *Matlock, supra*, "rests on a solid legal foundation and is irrefutable." (At p. 519.)

The parties to this litigation assume that the appeal is controlled by the question whether nonstatutory "speaking motions" are proper. In *Pianka* v. *State of California* (1956) 46 Cal.2d 208 [293 P.2d 458], the

Supreme Court held that the use of nonstatutory speaking motions is no longer necessary in light of the statutory motion for summary judgment and that such motions should be treated as motions for summary judgment in order to preserve the safeguards provided by the statutory procedure. (At pp. 211-212.) In *Gregory* v. *Hamilton, supra,* 77 Cal. App.3d 213, the Court of Appeal stated that the decision in *Pianka* had been limited by the decisions in *Lavine* v. *Jessup* (1957) 48 Cal.2d 611 [311 P.2d 8], and *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151]. A reading of those decisions, however, fails to support the *Gregory* court's conclusion. In *Lavine* the court, in dictum, simply noted its holding in *Pianka.* (48 Cal.2d at p. 614, fn. 2.) In *Vesely* the court reaffirmed the continued validity of *Pianka* and expressly disapproved a Court of Appeal decision holding otherwise. (5 Cal.3d at pp. 168-169.) We can find no support in those decisions for the resurrection of nonstatutory speaking motions.

While we believe that the motion should have been treated as a motion for summary judgment in accordance with the decision in *Pianka* v. *State of California,* the result we reach is dictated by a far more fundamental principle. Even before the supersession of speaking motions by the procedure for summary judgment such motions were not granted where the existence of a question of fact was shown. (See *Pianka* v. *State of California, supra,* 46 Cal.2d at p. 212; *Arnold* v. *Hibernia S. & L. Soc.* (1944) 23 Cal.2d 741, 744-745 [146 P.2d 684].) Whether the motion to enforce a settlement be treated as a motion for summary judgment or as a nonstatutory speaking motion, such a motion must be denied where it appears that there is a question of fact. A contrary conclusion would deny a litigant due process of law. To the extent that the decisions in *Gregory* v. *Hamilton, supra,* 77 Cal.App.3d 213, *Greyhound Lines, Inc.* v. *Superior Court, supra,* 98 Cal.App.3d 604, and *Ford* v. *State of California, supra,* 116 Cal.App.3d 507, imply that a court may resolve disputed factual issues without a trial we cannot agree with them.

The record discloses a question of fact as to whether a final settlement agreement was reached, and if so the terms agreed upon. Defendant declared that she refused to enter into a final settlement until she could review the terms thereof in writing, and it is undisputed that she did not enter into a written settlement agreement. Defendant's declaration is supported by that of her attorney who also declared that a final oral settlement was not reached. Moreover, the letter from plaintiffs' counsel to defendant's counsel written only days after the settlement

conference supports this position since in the letter counsel acknowledged that a new trial date was to be obtained in case "we hung up on the terms and conditions of our stipulation and judgment." The record "thus discloses the existence of a question of fact which may not be decided on affidavits but must be tried in the usual manner." (*Pianka v. State of California, supra,* 46 Cal.2d at p. 212.)

The judgment is reversed.

Blease, Acting P. J., and Warren, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.