[Civ. No. 49382. First Dist., Div. One. Mar. 29, 1982.]

GHULAM NABI, Plaintiff and Appellant, v.
SANDRA FAY LAUDERMILL et al., Defendants and Respondents.

## COUNSEL

William G. Dunn and Atherton & Dunn for Plaintiff and Appellant.

James B. Eggert, Marta A. Elliott and Hoge, Fenton, Jones & Appel for Defendants and Respondents.

## OPINION

**GOFF, J.\***—Plaintiff filed this action for personal injuries, alleging that defendants' negligence proximately caused him injury. Defendants answered with a general denial and asserted plaintiff's negligence.

In telephone conversations three days before trial, the parties' respective counsel agreed on a settlement figure of $5,000. Plaintiff's counsel conferred by telephone with plaintiff. Plaintiff's counsel then advised defendants' counsel the action was settled.

Plaintiff refused to sign the settlement documents. Defendants moved the trial court for an order compelling enforcement of the agreement pursuant to *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213 [142 Cal.Rptr. 563]. Plaintiff's declaration opposing the motion asserted that counsel who negotiated the agreement was not acting as his attorney (he had been associated to try the case by plaintiff's counsel of record), and that plaintiff had never authorized the settlement. Plaintiff so testified upon the hearing of the motion. The attorney who represented plaintiff in the final settlement negotiations testifed that plaintiff had orally agreed to the settlement. The court made a finding on this contradictory evidence that plaintiff had accepted the settlement and, on September 5, 1979, granted the motion to enforce the settlement and ordered judgment entered against plaintiff. Plaintiff's appeal is from this order.

*Assigned by the Chairperson of the Judicial Council.

■ Plaintiff argues that *Gregory* v. *Hamilton, supra*, 77 Cal.App. 3d 213, involved a judicially supervised settlement in which the settlement conference judge and plaintiff's counsel recommended to plaintiff that she accept the offer after which plaintiff said, in the judge's presence, that she would take her counsel's advice. He points out the settlement in the case at bar was not judicially supervised. Plaintiff further argues that this distinction was made in *Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876 [166 Cal.Rptr. 229], decided after the judgment below, which reversed a judgment which enforced a settlement made *without* judicial supervision.

Defendants, respondents here, argue that there was ample evidence to support the factual finding below; like *Gregory* v. *Hamilton, supra*, 77 Cal.App.3d 213, this action involves an uncomplicated auto accident and a relatively modest claim; the settlement was "judicially supervised" in that plaintiff's counsel, an officer of the court, participated; and public policy and judicial economy require the procedure employed below be approved.

We conclude that *Hastings* v. *Matlock, supra*, 107 Cal.App.3d 876, controls this appeal because its *ratio decidendi* encompasses the facts now before us.

■ *Hastings* v. *Matlock, supra*, 107 Cal.App.3d 876, observed that there are no longer nonstatutory motions to resolve meritless actions in California and that the "speaking motion"* to enforce a settlement agreement is, in terms of California law, a motion for summary judgment. (*Id.*, at p. 880; see also, *McKinney* v. *County of Santa Clara* (1980) 110 Cal. App.3d 787, 793 [168 Cal.Rptr. 89].) ■ Such a motion fails if it presents an issue of material fact. (Code Civ. Proc., § 737c.) One was manifest below.

It is also significant that the settlement in the action at bar, as in *Hastings* v. *Matlock, supra*, 107 Cal.App.3d 876, was not pleaded.

Recently, in *Ford* v. *State of California* (1981) 116 Cal.App.3d 507 [172 Cal.Rptr. 162], a divided court affirmed enforcement of a settlement. That settlement appears to have been judicially supervised, since a settlement conference order showed the action was settled for

---

*A "speaking motion" is a motion supported by evidence.

$122,500. The subsequent motion to enforce judgment was granted. Because the appeal was on the judgment roll, there was no indication that the motion presented the trial court with disputed *material* facts. The lead opinion noted that there was no evidence in the record to rebut the presumption governing the pivotal issue in the case. (*Id.*, at p. 517.) Ergo, *Ford* v. *State of California, supra*, is not inconsistent with *Hastings* v. *Matlock, supra*, 107 Cal.App.3d 876.

The judgment below must be, and is, reversed.

Racanelli, P. J., and Grodin, J.* concurred.

On May 12, 1982, the opinion was modified to read as printed above.

---

*Assigned by the Chairperson of the Judicial Council.