[Civ. No. 54032. First Dist., Div. Three. May 27, 1983.]

AARON DeGROAT, a Minor, etc., et al., Plaintiffs and Appellants, v. DELORES INGLES et al, Defendants and Respondents.

Counsel

Siegel, Friedman & Dickstein, Dan Siegel and Diane R. Dickstein for Plaintiffs and Appellants.

Bennett, Samuelsen & Reynolds, David J. Samuelsen, Hardin, Cook, Loper, Engel & Bergez and Willard L. Alloway for Defendants and Respondents.

Opinion

**FEINBERG, J.**—The plaintiffs brought suit against defendants alleging personal injury. At the conclusion of the pretrial settlement conference, the judge stated ". . . there is a disposition of the proceedings, as I understand it, as follows:

"Plaintiff is willing to dismiss and submit releases in consideration for the payment of $4,500.

"Defendant Marr is willing to pay $1,250, and defendant Sam, $500, and defendant Ingles, $2,750.

"This settlement is conditioned on the State of California's compromise [of its Medi-Cal lien on the judgment]. . . . This matter is continued to next Thursday, December 18, 1980, at 9:00 AM in this Department to hear the minor's compromise, and [plaintiff's counsel] has been asked to obtain the State's agreement to a fifty percent compromise before that date and if the State is not willing to compromise their claim in the amount of fifty percent, then it is the order of this Court that an officer of the appropriate state governmental agency with authority to make decisions of this nature be present at the hearing next Thursday, the 18th." The parties agreed that the foregoing were the terms of the settlement.

Following the settlement conference, plaintiffs' counsel attempted to compromise the Medi-Cal lien with a representative of the state. The state was willing to take $750 in satisfaction of the lien provided that plaintiffs' counsel agreed to reduce his attorney fees by $150. It appears that the $750 figure was about $100 above the 50 percent compromise sought. The $750 figure and the $150 reduction of fees proposed by the state were both unacceptable to plaintiffs.

On December 18, 1980, counsel for plaintiffs and the state met with the settlement judge. They informed the court that no settlement had been reached and the case was taken off calendar.

Plaintiffs' counsel wrote counsel for defendant Ingles that the settlement had "fallen through." Ingles' counsel replied, "[y]ou have informed us that the $750 figure is completely unacceptable to your clients. . . . Therefore it appears as though the settlement which [the court] and the parties worked hard to achieve has fallen through."

In a subsequent letter on January 12, 1981, defendant Ingles' counsel offered to contribute an additional $100 to the settlement fund in order to resolve the matter without trial. Plaintiffs made no response. As a result, defendants moved the court to compel enforcement of the settlement agreement, a nonstatutory "speaking motion" in accordance with the procedure employed in *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213 [142 Cal.Rptr. 563]. The motion was granted and judgment was entered in accordance with the purported settlement. Plaintiffs appealed.

The reasoning behind the *Gregory* decision has been severely criticized (see *Mancina* v. *Hoar* (1982) 129 Cal.App.3d 796, 801 [181 Cal.Rptr. 347]; *Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876, 882-883 [166 Cal.Rptr. 229]; *Ford* v. *State of California* (1981) 116 Cal.App.3d 507, conc. opn. at p. 518 and dis. opn. at p. 519 [172 Cal.Rptr. 162]), and we now decline to follow it.[1] ▇ Authority postdating *Gregory* establishes that a motion to enforce a pretrial settlement agreement is to be treated as a motion for summary judgment. (*Mancina* v. *Hoar, supra,* 129 Cal.App.3d 796, 801; *Nabi* v. *Laudermill* (1982) 130 Cal.App.3d 282, 284 [182 Cal.Rptr. 368]; *Hastings* v. *Matlock, supra,* 107 Cal.App.3d 876, 880.) Accordingly, the motion must be denied if there remains a disputed issue of material fact. (Code Civ. Proc., § 437c; *Hastings* v. *Matlock, supra,* 107 Cal.App.3d 876, 881.)

Plaintiffs' counsel declared below that plaintiffs were willing to accept the proposed settlement agreement only if the matter was resolved by December 18, 1980. Even assuming the Medi-Cal lien was ever settled, at the earliest it was settled as a result of the letter written by Ingles' counsel dated January 12, 1981. Further, there is no indication in the record that the state ceased to condition the Medi-Cal compromise on a reduction of plaintiffs' attorney fees, nor that this condition was ever acceptable to plaintiffs.

On appeal, defendants dispute that the pretrial settlement was conditioned upon a resolution of the matter by December 18, 1980. They also argue that plaintiffs are mistaken that the state conditioned its final compromise of the Medi-Cal lien on a reduction of fees by plaintiffs' attorney.

---

[1]To the extent this division by dicta approved of the *Gregory* procedure in *Greyhound Lines* v. *Superior Court* (1979) 98 Cal.App.3d 604 at page 609 [159 Cal.Rptr. 657], we concede we were in error.

These matters cannot be resolved on this appeal just as they should not have been resolved by the grant of defendants' motion by the trial court. They constitute disputed issues of material fact.

Judgment is reversed.

White, P. J., and Barry-Deal, J., concurred.