[Civ. No. 7376. Fifth Dist. Dec. 23, 1983.]

JOSEPH DURAN et al., Plaintiffs and Respondents, v.
CLOTILDE DURAN, Defendant and Appellant.

COUNSEL

Robert H. Grove for Defendant and Appellant.

George G. Logan for Plaintiffs and Respondents.

OPINION

**BROWN (G. A.), P. J.**—In this case we disapprove of nonstatutory speaking motions to enforce alleged settlement agreements, overruling our former

opinion in *Ford* v. *State of California* (1981) 116 Cal.App.3d 507 [172 Cal.Rptr. 162]; we hold a motion for summary judgment is the proper procedural device to enforce an alleged settlement agreement. Further, since there is an issue of fact in this case, we hold it was improper to specifically enforce the settlement and will reverse the judgment.

Joseph Duran and others (plaintiffs) filed a suit to establish a trust and for an accounting involving a parcel of real property held in the name of defendant Clotilde Duran.

On February 26, 1982, the attorneys for the respective parties discussed a possible compromise settlement by telephone. The dispute in this case revolved around whether or not the parties reached an agreement or a tentative agreement on February 26. On March 1, 1982, the day before trial, defendant informed her attorney that she had changed her mind and did not want to settle the case. Defendant's attorney immediately notified plaintiffs' attorney. The trial was continued.

Plaintiffs filed a "speaking" motion to enforce the alleged settlement. Declarations in support of and in opposition to the motion to enforce the settlement were filed by the respective attorneys. The judge granted the motion to enforce settlement. Defendant appeals.

█ In *Ford* v. *State of California, supra,* 116 Cal.App.3d 507, this court affirmed a lower court's order granting a "speaking" motion to enforce a settlement. The court relied upon *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213 [142 Cal.Rptr. 563]. The concurring justice, Andreen, J., concurred only upon the ground that at the time of the trial court's order *Gregory* v. *Hamilton, supra,* was the law and was properly invoked by the trial court under the doctrine of stare decisis (see *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]), stating: "The fact that *Hastings* [*Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876 (166 Cal.Rptr. 229)] came along later and demonstrated the fallacy in *Gregory* does not change this." (*Ford* v. *State of California, supra,* 116 Cal.App.3d at p. 518.)

The dissent was of the opinion that *Hastings* controlled, stating: "[*Hastings*] held the proper procedure is by way of a motion for summary judgment, by separate suit in equity or, in the event the defendant is attempting to enforce settlement, by way of affirmative defense. (See *Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876 [166 Cal.Rptr. 229].) In my opinion, the reasoning of the latter opinion rests on a solid legal foundation and is irrefutable. As *Hastings* points out, there are no nonstatutory motions in California, those judicially developed aberrations having been finally buried

with *Pianka* v. *State of California* (1956) 46 Cal.2d 208, 211 [293 P.2d 458], and *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 167-168 [95 Cal.Rptr. 623, 486 P.2d 151]. It is now too late to again authorize deviation from the principles of *Pianka* and *Vesely* in the name of judicial expediency." (*Ford* v. *State of California, supra,* 116 Cal.App.3d at p. 519.)

*Gregory* now stands starkly alone. All other courts which have addressed this subject have held that a motion for summary judgment is the proper method to enforce a pretrial settlement.[1] (*Mancina* v. *Hoar* (1982) 129 Cal.App.3d 796, 801 [181 Cal.Rptr. 347]; *Nabi* v. *Laudermill* (1982) 130 Cal.App.3d 282, 284 [182 Cal.Rptr. 368]; *Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876, 880 [166 Cal.Rptr. 229]; *DeGroat* v. *Ingles, supra,* 143 Cal.App.3d 399, 401.)

We now disapprove of *Ford* and adopt the latter view.

██ Treating plaintiffs' motion as a motion for summary judgment, an examination of the declarations convinces us there is a disputed issue of fact requiring a reversal of the judgment. (Code Civ. Proc., § 437c; *Hastings* v. *Matlock, supra,* 107 Cal.App.3d 876, 881.)

According to the declaration filed by defendant's attorney in opposition to the motion to enforce the settlement, after discussing a possible settlement with plaintiffs' attorney by telephone, he "then called [his] client and reviewed the matter with her and told her what had been proposed and she was in agreement in substance that they could receive a one-third interest and that [defendant and her attorney] would have to approve the terms of the proposed written trust agreement. [¶] [He] then called back [plaintiffs' attorney] and advised him that [his] client had agreed in substance to the foregoing proposal, subject to [their] working out a written trust agreement, and suggested that [they] could take the matter off calendar pending [their] working out a mutually agreeable written trust agreement to record . . . ." Before the settlement was reduced to writing, defendant notified her attorney that she did not want to go through with the settlement. In addition to the failure to secure defendant's approval of the written agreement, defendant claims that a successor trustee was never selected although the parties agreed that one needed to be named.

Plaintiffs argue that they are willing to accept anyone as a successor trustee, and the reduction of the agreement to writing and defendant's approval

---

[1] The court which decided *Greyhound Lines, Inc.* v. *Superior Court* (1979) 98 Cal.App.3d 604 [159 Cal.Rptr. 657], following *Gregory,* has conceded that its approval of *Gregory* in *Greyhound* was in error. (*DeGroat* v. *Ingles* (1983) 143 Cal.App.3d 399, 401, fn. 1 [191 Cal.Rptr. 761].)

of the writing was only a formality, yet to be completed, and not a condition of settlement.

Defendant contends, however, that a final settlement was never reached because (1) a successor trustee was never selected and (2) a condition of the tentative settlement, which was never obtained, was defendant's approval of a written trust agreement containing the terms of the oral agreement.[2]

Plaintiffs argue that because they are willing to accept anyone as successor trustee, it should not prevent the court from enforcing the agreement by summary proceedings. We need not answer that question because we believe there exists an issue of fact as to whether defendant's obligation under the agreement was conditioned upon approval of a written agreement.

■ "It is a general rule to which this case presents no exception that, when it is a part of the understanding between the parties that the terms of their contract are to be reduced to writing and signed by the parties, the assent to its terms must be evidenced in the manner agreed upon or it does not become a binding or completed contract." (*Spinney* v. *Downing* (1895) 108 Cal. 666, 668 [41 P. 797]; see also, *Las Palmas etc. Distillery* v. *Garrett & Co.* (1914) 167 Cal. 397, 400 [139 P. 1077]; *Pacific R. M. Co.* v. *Railway Co.* (1891) 90 Cal. 627, 632 [27 P. 525]; *Mancina* v. *Hoar, supra,* 129 Cal.App.3d 796; 12 Cal.Jur.3d, Compromise, Settlement and Release, § 60, p. 361.)

In *Mancina* v. *Hoar, supra,* 129 Cal.App.3d 796, in response to respondents' motion to enforce a settlement, appellant argued that "[I]t was agreed that a proposed settlement judgment would be drafted and that if either she or [respondents] did not agree on the written terms then the matter would be set back on calendar for trial. When she saw the terms set forth by [respondents'] counsel in his letter to her counsel she would not agree to those terms and so notified her attorney. [¶] [Appellant's] counsel submitted a declaration in which he stated that it was his understanding that the settlement negotiations resulted in a tentative agreement but that the agreement would be reduced to writing before final approval. He believed that it was clear that the matter would be set back on calendar for trial if the written settlement was not agreed to by both sides. He further declared that [appellant] had expressly stated that she would not make a final decision on the settlement proposal until she had time to review it in writing." (*Id.,* at

---

[2]On appeal, appellant also contends that other terms of the trust still needed to be worked out before the settlement was finalized. However, at the hearing on the motion it was agreed that these other terms had previously been agreed to as part of the tentative settlement agreement.

p. 799.) After discussing the proper way to enforce a settlement and concluding that both a speaking motion and a motion for summary judgment must be denied if there is a triable issue of fact, the *Mancina* court reversed the trial court's decision, saying: "The record discloses a question of fact as to whether a final settlement agreement was reached, and if so the terms agreed upon. [Appellant] declared that she refused to enter into a final settlement until she could review the terms thereof in writing, and it is undisputed that she did not enter into a written settlement agreement. [Appellant's] declaration is supported by that of her attorney who also declared that a final oral settlement was not reached." (*Id.*, at p. 801.)

In the instant case the declaration filed by defendant's attorney in opposition to the motion below states in part that: "I then called my client and reviewed the matter with her and told her what had been proposed and she was in agreement in substance that they could receive a one-third interest and that we would have to approve the terms of the proposed written trust agreement.

"I then called back Mr. Logan and advised him that my client had agreed in substance to the foregoing proposal, subject to our working out a written trust agreement . . . ."

Thus, it appears to us that whether or not there was an agreement before it was reduced to writing and signed by the parties was an issue that remained to be decided by a trier of fact upon conflicting factual contentions. Accordingly, we conclude the motion for summary judgment should have been denied.

The judgment is reversed.

Andreen, J., and Hamlin, J., concurred.