[No. B007678. Second Dist., Div. Six. Apr. 22, 1986.]

ANN E. RICHARDSON, Plaintiff and Respondent, v.
DONALD J. RICHARDSON, JR., Defendant and Appellant.

92

COUNSEL

Donald J. Richardson, Jr., in pro. per., for Defendant and Appellant.

Bruce A. Young and Drescher, McConica & Young for Plaintiff and Respondent.

OPINION

**GILBERT, J.**—Donald J. Richardson, Jr., appeals a judgment entered July 26, 1984, after the trial court granted the motion of his former wife, Ann E. Richardson, to confirm an oral stipulation to settlement of two consolidated actions pursuant to Code of Civil Procedure section 664.6.[1] We affirm.

FACTS

The dissolution of the Richardsons' marriage in 1974 did not end their litigation. Husband, an attorney, was a general partner in Limco Del Mar, Ltd. (Limco). Pursuant to the marital settlement agreement incorporated in the interlocutory judgment wife received, among other things, one-half of that partnership interest.

On January 8, 1979, wife filed a complaint against husband and Limco seeking to compel the transfer to her of husband's partnership interest (case No. P49621). Wife simultaneously filed a petition in a separate case to remove husband as trustee of a trust established for her benefit, to appoint a new trustee and to compel distribution from the trust (case No. 67313).

The two cases were consolidated and trial was scheduled for April 2, 1984. Limco filed a cross-complaint in interpleader in case number P49621, and deposited in court the liquidated value of husband's partnership interest

---

[1]All statutory references hereinafter are to the Code of Civil Procedure unless otherwise specified.

($52,515), and declared that it had no interest in the money. These funds were then deposited in two blocked savings accounts.

The mandatory settlement conference scheduled for January 5, 1984, was continued twice because husband failed to appear. Finally, on March 20 husband appeared in propria persona, and the conference took place in Judge Storch's chambers without a court reporter. Wife's counsel understood that husband offered to release to wife the money deposited in court, and wife in turn would dismiss the consolidated cases. She had 48 hours in which to accept the offer.

On March 22, wife's counsel notified husband by telephone and express mail of wife's timely acceptance of the settlement offer prior to the close of business on March 23. He also sent husband an express mail letter stating that he would appear on the April 2 trial date, advise the court of the settlement, and request a brief continuance for execution of settlement documents. This he did, and the trial date was thereafter continued several times pending a final written settlement agreement.

On May 17, wife's counsel filed a motion to confirm the oral settlement agreement because husband had obstructed his efforts to effect an executed written settlement agreement. He alleged that husband had offered to release the blocked savings accounts to wife in return for mutual releases of all further claims either party might have against the other in the two consolidated actions; that it was agreed that settlement would have no effect on the postdissolution proceedings; and that on March 22 wife accepted the offer by express mail. He sent husband a proposed settlement agreement on March 28 with a stipulation to release the accounts, but on April 20 he received a different and unacceptable proposed agreement from husband. Wife's counsel then sent a second draft of the agreement to husband's address of record April 25 and stated that he would file a motion to confirm the oral settlement if he did not receive the executed documents or husband's response by May 2.

When wife's counsel received no reply, he filed the motion and requested sanctions to compensate wife for the additional expense. Hearing was scheduled for June 26. On May 24, husband wrote to wife's counsel requesting major substantive changes in the third draft and submitted a fourth proposed draft of the settlement agreement. Finally, on June 14. husband filed a declaration opposing wife's motion.

Husband alleged that on March 20, "[n]o settlement agreement was presented to Judge Storch at the mandatory settlement conference or stipulated to between the parties"; that he gave wife until March 23 to decide whether

she wanted to negotiate a settlement; that he authorized wife's counsel to obtain a trial continuance because the parties were attempting to settle; that wife's counsel prepared the first proposed settlement agreement and thereafter various proposed drafts were prepared and exchanged; and that on May 24, husband gave wife's counsel the terms he required in a settlement agreement and explained why the terms proposed by wife's counsel were unacceptable. Finally, husband stated that because the parties disputed major issues, wife's motion could not properly be granted.

Judge Storch again presided at the hearing on wife's motion June 26. Although no reporter's transcript was available for the March 20 settlement conference, the judge stated his recall as follows: ". . . Mr. Richardson made you an offer and the offer, to the best of my recollection, is that which you relate in your moving papers, namely the plaintiff will get the funds on deposit in these bank accounts, and these lawsuits would be dismissed with prejudice. . . . [¶] [Y]ou wanted some time to discuss it with your client. And he gave you until the close of business on Friday to respond to his offer. . . . You advise this Court in your declarations that you did accept that offer. I recall no discussions about any specific terms of any type of release or any discussion with respect to confidentiality of any settlement, none of that was contained in the offer."

Despite their differences, the parties agreed that certain provisions of their proposed settlement agreements were unnecessary. Judge Storch encouraged them to draft a mutually acceptable written agreement. He therefore deferred ruling until a second hearing scheduled for July 13, stating: "I'll give you a couple of weeks to see if you can resolve it. If you can't, I'll rule on the motion."

On July 13, the matter trailed to 1:30 p.m. while husband conferred with wife's counsel and they drafted a settlement agreement. At 1:30 p.m., the hearing was continued to July 26 on husband's written stipulation to appear filed with the court. Certain provisions of that draft, however, proved unacceptable to wife, and her counsel so advised husband by a letter sent express mail July 23.

On July 26, husband failed to appear pursuant to his written stipulation. Judge Storch, having read the moving and opposition papers and having recalled the prior proceedings, granted wife's motion to confirm the oral settlement. Judgment was entered in favor of wife on the consolidated actions. She was awarded all funds in the blocked savings accounts. All claims and counterclaims of both parties arising out of the consolidated actions were deemed settled and concluded. Wife's motion for sanctions was denied.

## DISCUSSION

 Husband contends that the trial judge abused his discretion in confirming the settlement pursuant to section 664.6 because: (1) where the material facts are disputed, a motion for summary judgment is required (*Duran* v. *Duran* (1983) 150 Cal.App.3d 176 [197 Cal.Rptr. 497]); and (2) there was insufficient evidence to show that he made an oral settlement offer or that an agreement to settle was reached.

Section 664.6 provides: "If the parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Before this section was enacted, judicial authorities had questioned the propriety of a nonstatutory "speaking" motion to compel enforcement of an alleged settlement agreement where some terms were subject to reasonable dispute. (*Duran* v. *Duran, supra,* 150 Cal.App.3d 176; *Mancina* v. *Hoar* (1982) 129 Cal.App.3d 796 [181 Cal.Rptr. 347]; *Nabi* v. *Laudermill* (1982) 130 Cal.App.3d 282 [182 Cal.Rptr. 368]; *Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876 [166 Cal.Rptr. 229].)

These cases, upon which husband relies, are not persuasive here. First, ". . . all involved either out-of-court negotiations, enforcement by a judge other than the one who presided over the settlement conference, or conditional settlements in which it was alleged that a condition subsequent failed to materialize." (*Gopal* v. *Yoshikawa* (1983) 147 Cal.App.3d 128, 132 [195 Cal.Rptr. 36].) Second, these decisions concerned settlement agreements which preceded the effective date of section 664.6, which was January 1, 1982.

The use of a "speaking motion" to confirm an oral settlement agreement now has legislative endorsement, and it is no longer necessary to file a motion for summary judgment. (*Corkland* v. *Boscoe* (1984) 156 Cal.App.3d 989, 994 [203 Cal.Rptr. 356].) In *Corkland,* a motion to compel enforcement of a written settlement agreement filed March 10, 1981, was granted by the trial court in reliance upon *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213 [142 Cal.Rptr. 563], which approved such a motion to enforce a judicially supervised settlement agreement. The appellate court affirmed the order because under section 664.6, enacted in the interim, "what formerly was a nonstatutory 'speaking' motion is now authorized by statute and is applicable not only to judicially supervised settlement conferences, but to stipulations of settlement in writing or orally before the court in pending litigation." (*Corkland* v. *Boscoe, supra,* 156 Cal.App.3d 989, 994.)

■ The *Corkland* court concluded that the trial judge must determine, upon this motion, whether the parties entered into a valid and binding settlement agreement and, in his discretion, he "may receive oral testimony or may determine the motion upon declarations alone. (See *Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479 [114 Cal.Rptr. 356].)" (*Ibid.*) ■ The procedure judicially approved in *Gregory* v. *Hamilton, supra,* 77 Cal.App.3d 213 and *Gopal* v. *Yoshikawa, supra,* 147 Cal.App.3d 128, now has statutory endorsement.

Husband argues that the minute order of March 20, 1984, declares settlement was "not effected," and alleges that he made no settlement offer. Judge Storch saw things differently. He presided at the June 26 and March 20 hearings. He had the benefit of his own recollection, the documents supporting and opposing the motion, and the oral argument made by the parties at the June 26 hearing. At that hearing in the presence of counsel and both parties, Judge Storch stated his understanding of the terms of the oral settlement offer. On July 26 he ruled there was a settlement offer which wife timely accepted. He therefore granted the motion and entered the judgment in wife's favor. Despite his written stipulation to appear at the July 26 hearing, husband failed to attend the hearing.

■ An agreement to settle a lawsuit which is reached at a judicially supervised settlement conference is enforceable. (*Gopal* v. *Yoshikawa, supra,* 147 Cal.App.3d 128, 132.) ■ Judge Storch found on substantial evidence that the parties reached agreement as to all material terms required for a binding contract, even though it was intended that the agreement be memorialized later by a formal writing. (*Pacific Grove-Asilomar Operating Corp.* v. *County of Monterey* (1974) 43 Cal.App.3d 675 [117 Cal.Rptr. 874].) ■ "When parties orally agree upon all the terms and conditions of an agreement with the mutual intention that it shall thereupon become binding, the mere fact that a formal written agreement to the same effect is to be prepared and signed does not alter the binding validity of the oral agreement. [Citation.]" (*Id.,* at p. 686.)

■ Here, wife's counsel accepted the settlement offer and sent husband a proposed settlement agreement, but husband imposed additional conditions which had not been discussed before the judge. Although the judge recalled the settlement offer specifically, he deferred ruling and encouraged the parties to attempt to achieve a mutually satisfactory written settlement agreement. Their efforts to do so failed. The trial judge properly confirmed the settlement agreement without further argument when husband failed to appear on the motion.

The judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.