[No. 8,468. Department One. — May 15, 1884.]

JEAN SERÉ, APPELLANT, v. JOHN McGOVERN, RE-SPONDENT, AND C. H. AFFLEBACH, APPELLANT.

JURISDICTION — DISMISSAL AS TO A PARTY. — The court has no jurisdiction to render judgment against a party as to whom the action has been dismissed until the order of dismissal is vacated.

CONTRACT — CONDITIONAL SALE — TITLE. — Where a party delivers possession of personal property to another under an agreement to sell in consideration of a cash payment and other deferred payments, time being of the essence of the agreement, the contract is executory, and no title passes until the deferred payments are made; and a failure to make them according to the terms of the agreement entitles the vendor to the possession of the property.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, from an order refusing a new trial, and from an order denying a motion to amend the findings and judgment.

The facts are stated in the opinion of the court.

*J. W. Harding*, for Appellant Seré, cited *Hegler* v. *Eddy*, 53 Cal. 597; *Cardinell* v. *Bennett*, 52 Cal. 476; *Putnam* v. *Lamphier*, 36 Cal. 151.

*J. M. Wood*, for Appellant Afflebach.

*A. D. Splivalo*, for Respondent.

McKEE, J. — Two appeals have been taken in this case. One by the defendant Afflebach, from the judgment and order denying a motion to amend the findings and judgment; and the other by the plaintiff Seré, from the judgment and order denying his motion for a new trial.

The judgment was rendered in an action for the settlement of a partnership which had existed between the plaintiff Seré and the defendant McGovern, under the firm name of McGovern & Seré, for nineteen months until the 14th of February, 1880, when it was dissolved by mutual consent and the partnership property was left in the hands of the defendant McGovern. Afflebach was named in the complaint as a party defendant, because, as alleged in the complaint, he claimed an interest in the property.

The existence of the partnership for the time stated in the complaint was not denied by the answer of either of the defendants. Afflebach, in his answer, averred that he was the absolute owner of part of the property by purchase from McGovern, after the dissolution of the partnership; and McGovern, in his answer, set up that, soon after the commencement of the action, he was adjudged an insolvent debtor, and the entire property in controversy passed into the hands of the assignee in insolvency.

By a supplemental complaint the assignee was brought in as a party to the action. In his answer he claimed that on the day of the dissolution of the partnership, the plaintiff Seré transferred, by a bill of sale, all his estate and interest in the property to the defendant McGovern, who thereby became, and continued to be, the absolute owner of the same, until the day he was adjudged an insolvent debtor.

On the trial of the issues raised by the pleadings, the court, on September 1, 1881, "after the parties had rested their case," ordered that the action be dismissed as to the defendant Afflebach; but afterwards, on January 13, 1882, the court, without vacating the order of dismissal, filed a decision in favor of the assignee in insolvency, and gave judgment thereon against the plaintiff Seré and the defendant Afflebach, for recovery of the possession of the property and costs.

The judgment against Afflebach was void. The entry of the order of dismissal ousted the court of jurisdiction of the person

of Afflebach; and thereafter jurisdiction over him could not be resumed and exercised without vacating the order. Upon the entry of the order the defendant ceased to be a party to the action, and was not bound by any of the subsequent proceedings therein. The judgment entered against him was, therefore, irregular and void.

And the judgment against Seré was erroneous, because the fact upon which it was rendered was not sustained by the evidence.

Without conflict, the evidence showed that the alleged sale of the partnership property by Seré to McGovern was not an absolute sale; it was a sale conditional upon payment of one thousand five hundred dollars gold coin, payable in two installments, one third thereof on February 14, 1881, and the remainder on the 14th of June thereafter, "time to be considered of the essence of the agreement"; and if payment was not made within the time specified, the moneys paid under the agreement to be forfeited, and the vendor had the right to the possession of the property.

When the first installment matured, payment was demanded and refused, and when the plaintiff commenced the action in hand McGovern resorted to his proceedings in insolvency. The court found that no part of the one thousand five hundred dollars had been paid, according to the terms of the agreement, although payment had been demanded. Yet, although the conditions had not been performed, and the defendant absolutely refused to perform them, the court decided that title passed by the executory agreement to McGovern, and he became the absolute owner of the property. This was erroneous. It is well settled that a conditional sale, dependent upon an act to be done, which is not done, does not pass title. (*Whitney* v. *Eaton,* 15 Gray, 225; *Stone* v. *Perry,* 60 Me. 48; *Paul* v. *Reed,* 52 N. H. 136; *Russell* v. *Minor,* 22 Wend. 657.)

Judgment and order reversed, and cause remanded for a new trial.

Ross, J., and McKinstry, J., concurred.