[No. B017983. Second Dist., Div. Four. Nov. 21, 1986.]

Estate of AMERICA DIPINTO, Deceased.
JOHN M. MILLS, as Administrator With the Will Annexed, etc., Petitioner and Respondent, v.
JOHN A. DIPINTO et al., Objectors and Appellants.

COUNSEL

Turner, Cooper & Reynolds, Ronald S. Cooper and Steven J. Wilson for Objectors and Appellants.

Grenert & Oldman and Susan J. Cooley for Petitioner and Respondent.

OPINION

McCLOSKY, J.—Appellants John A. Dipinto and Dipinto Manufacturing Company, Inc. (Dipinto Company) appeal from the "Order Accepting Stipu-

lation of Parties and Determining Title to Property in Favor of the Estate and Withdrawing Objections Thereto" filed November 20, 1985, and the "Ex Parte Order Re Execution Of Documents By The County Clerk" filed November 25, 1985. The order "[a]djudicating the merits of [the] claim under [Probate Code] Section 851.5" constitutes a judgment and is appealable. (Prob. Code, § 1240, subd. (i).) Appellants contend that the trial court abused its discretion in determining that the parties entered into a valid and binding settlement agreement.

Respondent was appointed administrator with will annexed to the estate of America Dipinto, following her death. Respondent filed a "Petition For Order Directing Conveyance And For Damages" on behalf of the estate. The petition alleged that assets of the estate had been concealed and misappropriated by Joanna Delgado, Josephine Cockman, and John Dipinto, and that the assets had been diverted into the personal bank accounts and real estate holdings of those parties and into Dipinto Company, a corporation of which John Dipinto and Ms. Cockman were directors, and of which they were president and bookkeeper respectively. Appellants opposed the petition.

At the mandatory settlement conference held September 4, 1985, respondent and beneficiaries Renaldo Dipinto, Josephine Cockman, Joanna Delgado and John Dipinto entered into a settlement agreement and their counsel concurred in that agreement. Although beneficiary Philip Dipinto was not present, he agreed through counsel to accept the settlement agreement. In open court the trial judge inquired of John Dipinto, who was represented by counsel, as follows:

"THE COURT: Did you understand everything that your lawyer Mr. Antablin was saying with respect to the settlement?

"MR. JOHN DIPINTO: Yes, Your Honor.

"THE COURT: Did you also understand everything Mr. Oldman [attorney for John Mills] was saying with respect to the settlement?

"MR. JOHN DIPINTO: Yes, with one question, Your Honor. I have a check coming, which I discussed with Mr. Oldman, due any day for $3,000. I want that check, and anything previous on from today he gets.

"THE COURT: All right. That's understood.

"MR. OLDMAN: Yes, Your Honor.

"THE COURT: Mr. John Dipinto, do you believe you've had sufficient time to discuss the terms and conditions of the settlement with your attorney Mr. Antablin?

"MR. JOHN DIPINTO: (Nods head up and down.)

"THE COURT: Do you believe you've had sufficient time to talk about this with your attorney?

"MR. JOHN DIPINTO : Yes."

The trial court took the trial date off calendar. A written agreement was prepared which John Dipinto refused to sign. On November 20, 1985, the trial court held a hearing on respondent's motion that the agreement be entered as a judgment pursuant to Code of Civil Procedure section 664.6. That section provides: "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

The court heard John Dipinto's testimony:

"THE COURT: Will you tell the court why it is that you do not wish to sign the papers.

"THE WITNESS: It was my understanding that when we talked in your chambers, I was supposedly to get 50,000 tax return and 21,000 from the estate that's holding a check for me plus a twelve percent interest which was at that time put in trust for me. Plus $8500 for selling up Hisperia, which they now say there's only $2400 left. $10,000 for a car that was taken from Dipinto Manufacturing, plus $30,000 that they were going to give to me.

"The agreement came to practically 125,000.

"Now I understand that in the wording, the one third that I would never give up, a word was put in there that I didn't understand, residue as of September.

"I did not agree to—for September date. I agreed for one third whatever is left. If there's nothing, I want nothing.

"But I am not giving up my one third that's left in the will, and I am not giving up saying my mother owns 45 percent of the property so I can get a tax refund.

"I expected that to come from the money that they are getting from me.

"Now as I understand just two weeks ago, that it says you get one third which is $800.

"I donate that $800, but I will not sign any agreement that I get one third of just the Hisperia. Hisperia was asked quite a while ago. What happened to the money when I wasn't notified and I found out that they had auctioned it off?

"They said there's nothing left. Now all of a sudden there's $2400 plus there's $4000 that was sent from a brother that doesn't know anything about the whole case.

"Now this other money that's being taken, because I'm not one that has money, and everybody else now is a partner of me."

The court had before it a transcript of the September 4, 1985, proceeding as well as his own recollection of that proceeding, a declaration of respondent's attorney in support of the motion, a written agreement prepared by respondent's attorney and approved by counsel for all parties, and a letter dated November 6, 1985, in which John Dipinto's attorney stated with regard to the written agreement: "Upon reviewing the enclosures, it appears to me as though all is in order."

The court heard argument and granted respondent's motion. It accepted the stipulation of the parties and determined entitlement to property pursuant to section 851.5 of the Probate Code in accordance with the stipulation.

 Code of Civil Procedure section 664.6 authorizes the court to enter judgment pursuant to the terms of the settlement agreement orally stipulated to "before the court" if it determines that the parties have entered into a valid and binding settlement agreement. (*Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1189 [213 Cal.Rptr. 790].) In making that determination the court acts as a trier of fact. (*Fiore v. Alvord* (1985) 182 Cal.App.3d 561, 565 [221 Cal.Rptr. 400]; see also *Richardson v. Richardson* (1986) 180 Cal.App.3d 91 [225 Cal.Rptr. 370].) The proper standard of review of the court's exercise of discretion in granting the motion is whether the court's ruling is supported by substantial evidence. (*Casa de Valley View Owner's Assn. v. Stevenson, supra,* 167 Cal.App.3d at p. 1190.)

 In this case the trial court had presided at the mandatory settlement conference at which the oral settlement agreement was made and inquired

on the record to make sure that John Dipinto understood that agreement. On November 20, 1985, the trial judge heard John Dipinto testify that he would not have entered into the agreement if he had understood all of the terms of the agreement.

At the time it made its determination the trial court had heard the oral stipulation of settlement made before it on September 4, 1985, and had heard John Dipinto's September 4, 1985, representation that he understood that agreement. It also had before it the transcript of those September 4, 1985, proceedings. These constituted substantial evidence supporting the trial court's determination that a valid and binding agreement had been entered into by the parties before the court on September 4, 1985. The trial court obviously disbelieved John Dipinto's November 20, 1985, testimony and resolved the dispute in favor of respondent. That determination, supported as it was by substantial evidence, does not constitute an abuse of discretion.

■ Section 664.6 of the Code of Civil Procedure took effect on January 1, 1982. It does not appear to us that the appeal, taken in a developing area of the law (see *Datatronic Systems Corp.* v. *Speron, Inc.* (1986) 176 Cal.App.3d 1168, 1172 [222 Cal.Rptr. 658]), is "frivolous or taken solely for delay." (Code Civ. Proc., § 907.) Respondent's request for sanctions is accordingly denied.

The judgment is affirmed.

Woods, P. J. and Kingsley, J., concurred.

Appellants' petition for review by the Supreme Court was denied February 11, 1987.