Filed 9/17/24  Kirkeby v. Kahn CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

|  |  |
|---|---|
| GLENN KIRKEBY et al., | D082333 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2017-00032731-CU-BT-NC) |
| ANNE KAHN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

Decker Law, James Decker, Griffin Schindler, and Chris Jones for Defendant and Appellant.

Law Officers of Robert A. Ball, Robert A. Ball, and John M. Donnelly for Plaintiffs and Respondents.

Anne Kahn appeals the trial court's ruling granting Glenn and Anastasia Kirkeby's motion to compel compliance with the court's prior order enjoining the transfer of certain real property and ordering Kahn to reconvey the property.  The injunction stems from a lawsuit brought by the Kirkebys

after they discovered their business partner and Kahn's ex-husband, Lawrence Bodreau Burns, defrauded them out of millions of dollars. After the Kirkebys filed suit against Burns and Kahn, the parties entered into a stipulated injunction precluding the transfer of the property at issue. After judgment was entered in favor of the Kirkebys, Burns transferred the property to Kahn as part of their divorce settlement, prompting the Kirkebys' successful motion to compel compliance with the injunction.

On appeal from that postjudgment order, Kahn argues the trial court erred by granting the motion because the court lacked jurisdiction over her at the time it issued the order, and because the entity holding title to the property, The Crosby Clinic, LLC (Crosby Clinic), was not a party to the stipulated injunction. She also asserts the family court's judgment in her marital dissolution case supersedes the stipulated injunction. As we shall explain, we reject each of Kahn's arguments and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Initial Litigation*

On September 5, 2017, the Kirkebys filed suit against Burns directly and derivatively on behalf of MHCD, LLC (MHCD). Burns, Anastasia, and Glenn, each owned a one-third interest in MHCD, and Burns was its managing member. The Kirkebys' First Amended Verified Complaint (FAC), filed on January 5, 2018, alleged 27 causes of action, 13 derivative claims and

2

direct claims, against Burns and various entities controlled by Burns, which the complaint refers to as the "Crosby Center Entities."[1]

The FAC asserted that the Kirkebys decided to start a drug and alcohol abuse rehabilitation facility in 2002 and shortly after met Burns, who falsely claimed to be a licensed attorney and experienced business manager. According to the FAC, in 2004 Anastasia purchased a single family home located at 30651 Camino De Las Lomas in Escondido, California (the Camino Property) to operate a residential rehabilitation facility. The Kirkebys and

---

[1] The complaint named as the "entity defendants": Interlawus, LLC, a California limited liability company; Interlawus, LLC doing business as Crosby Center, a California limited liability company; Interlawus, LLC doing business as MHCD III, a California limited liability company; NSI Services, LLC, a California limited liability company; NSI Services LLC doing business as Crosby Center; MHCD, LLC doing business as Crosby Centers, a Nevada limited liability company; MHCD, LLC doing business as The Crosby Center, a Nevada limited liability company; MHCD, LLC doing business as AA&E Retreat, a Nevada limited liability company; MHCD, LLC doing business as Athletes Artists Entertainers Retreat, a Nevada limited liability company; AAE Alcohol Rehab Service Center, a business entity of unknown organization; AAE Crosby Center, a business entity of unknown organization; AAE Women Eating Disorder Center, a business entity of unknown organization; Dream Catcher Detox Center, Inc. doing business as San Diego Health Care Services, a California corporation; KBY Properties, LLC, a California limited liability company; Crosby Recovery Foundation, a California corporation; AAA National Credit Reporting, Corp., a California corporation; Internet Creative Marketing, Inc., a California corporation; Stonegate Investment Group, LLC, a California limited liability company; Applied Psychology Systems, LLC, doing business as APS, a California limited liability company; Applied Psychology Systems LLC, doing business as Applied Psychology Systems, a California limited liability company; The Neuroscience Institute, doing business as NSI, a California corporation; The Neuroscience Institute, doing business as The Neuroscience Institute, a California corporation; L Burns Research Institute, doing business as The L Burns Research Center, a business entity of unknown organization; and Crosby Clinic, a California corporation previously sued.

3

Burns agreed that Burns would manage the business, while the Kirkebys would assist in day-to-day operations. The Kirkebys' family trust initially leased the property to America Stitch, LLC, which operated the rehabilitation business under several names, including the Crosby Center. In 2007, the Kirkeby trust leased the property to MHCD, which continued operation of the rehabilitation business under the Crosby Center name.

The FAC alleged that, unbeknownst to the Kirkebys, Burns misappropriated funds, assets, business opportunities, and real estate through his management of the Crosby Center. The Kirkebys alleged that in 2014 they discovered that Burns was embezzling the business's assets and contacted the Federal Bureau of Investigation because they believed Burns had violated the law in his mismanagement of the rehabilitation business. The complaint further alleged Burns and the Crosby Center Entities were each other's alter egos and they conspired to defraud the Kirkebys. After Burns and Kahn were married in 2018, the Kirkebys amended the complaint to add Kahn as a defendant.

The FAC alleged derivative claims on behalf of MHCD for breach of fiduciary duty, breach of the duty of loyalty, aiding and abetting another's breach of fiduciary duty, breach of contract, conversion, violation of the California Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.), concealment, unjust enrichment, and for an accounting and declaratory relief. The FAC alleged direct causes of action against Burns and the entity defendants for breach of fiduciary duty, breach of duty of loyalty, aiding and abetting another's breach of fiduciary duty, breach of the operating agreement, intentional interference with prospective economic advantage or contractual relationship, concealment, breach of the implied covenant of good faith and fair dealing, unjust enrichment, constructive fraud, accounting, and

4

violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), section 1962(a), (b), (c) and (d) of title 18 of the United States Code.

On October 24, 2019, MHCD filed a cross-complaint, which alleged similar claims against Burns, Kahn, and the same Crosby Center Entities. In addition, the complaint contained a cause of action for quiet title, which alleged that Burns and the Crosby Center Entities' concealment, misappropriation, and diversion of MHCD's assets resulted in the defendants wrongfully obtaining title to the Camino Property and a second property located at 29850 Circle R Way, Escondido, California (Circle R Property). MHCD sought adjudication of its ownership rights in the properties, and to quiet title in the two properties in its favor. The following day, MHCD filed notices of pendency of action with the San Diego County recorder related to the properties.[2]

On December 10, 2019, MHCD, Burns, the entities controlled by Burns that remained named parties in the litigation (NSI, Interlawus, Inc., and Health Care Investments, Inc.) and Kahn, entered into two stipulations, one for each of the two properties, enjoining their transfer. The stipulation for the Camino Property states the parties "agree not to, and shall be enjoined from, encumbering, impairing, selling, transferring, conveying, or otherwise assigning the real estate and improvements located at 30651 Camino De Las

_____

[2]     That same day, October 25, 2019, the trial court struck the answers of many of the entity defendants, including the Crosby Clinic, for failure to retain counsel, and entered defaults against them. The court entered defaults against AAA National Credit Reporting Corp.; Crosby Clinic aka Crosby, Clinic, Inc.; Dream Catcher Detox Center, Inc.; Health Care Investments, Inc.; Internet Creative Marketing, Inc.; NSI Services and NSI Services, LLC; Stonegate Investment Group, Inc.; The Crosby Clinic, LLC; TMS Depression Center of San Diego, Inc.; and True Capital, Inc.

Lomas, Escondido, California ..., during the pendency of this lawsuit."[3] At the time the stipulations were entered, title in the Camino Property was held by the Crosby Clinic, LCC (Crosby Clinic) and title in the Circle R Property was held by NSI. The Crosby Clinic and NSI were solely managed, controlled, and owned by Burns.

Under the stipulations, the Crosby Clinic and NSI were permitted to seek refinancing of the Circle R Property in a sum not to exceed $1,720,000.00. MHCD agreed to dismiss without prejudice its quiet title claim and to release the notices of pendency of action filed for each property with the county recorder, which would allow for the refinancing of the Circle R Property using the Camino Property as collateral. The court signed the stipulations on December 17, 2019, MHCD recorded notices of withdrawal of the notices of pendency for the properties on December 18, 2019, and MHCD dismissed the quiet title cause of action a few days later.

B. *Violations of the Stipulated Injunction*

On November 3, 2020, Burns encumbered the Camino Property with a deed of trust in favor of Investor's Mortgage Funding Group, Inc. in the amount of $200,000. A little over a month later, on December 14, 2020, Burns conveyed title in the Camino Property from the Crosby Clinic to "Larry Burns Trustee of the Xanadau Dominican Irrevocable Trust - 2020" by grant deed.

As a result of this transfer, on March 1, 2021, the Kirkebys recorded the stipulation on the Camino Property with the San Diego County recorder. Then, on November 3, 2021, the Kirkebys filed an application for an order to show cause asserting that Burns had violated the court's stipulated

---

[3] The same language was set forth in the stipulation concerning the Circle R Property.

6

injunction orders concerning the two properties by transferring and encumbering the Camino Property with a $200,000 mortgage and by transferring the Circle R Property. The court granted the application and issued an order finding Burns in contempt.

On December 23, 2021, when Burns failed to remove the $200,000 encumbrance and reconvey the Camino Property back to the Crosby Clinic, the Kirkebys and MHCD jointly moved to compel compliance with the Camino stipulation. On January 14, 2022, the court granted the motion, ordering Burns to remove any encumbrance and reconvey the property back to the Crosby Clinic by January 24, 2022.[4]

On January 31, 2022, Kahn filed an ex parte application in this case requesting to dissolve the lis pendens on the two properties that the Kirkebys filed with the county recorder and also seeking a stay of a recent court order appointing a receiver. Kahn argued that she was a significant investor in the properties and that the lis pendens on the properties were improper. The court denied the application on February 2, 2022.

In March 2022, the Kirkebys' counsel made three requests to Kahn to remove the notices of pendency she had placed on the two properties based on her lawsuit. The Kirkebys asserted the notices violated the stipulated order preventing encumbrances on the property and that Kahn had made material misrepresentations about her ownership of the properties in her complaint

---

[4]    In February 2022, Kahn filed a notice of pendency of action for the Camino and Circle R Properties based on her filing of another case in San Diego Superior Court, *Anne Kahn, Inc. v. Burns*, Case No. 37-2021-00001811-CU-BC-NC. In that complaint, Anne Kahn, Inc. alleged it was the owner of the Circle R Property, which was operated by Anne Kahn, Inc. as a resort, and that Burns and NSI unlawfully breached their agreement that Anne Kahn, Inc. would receive all profits from the operation and that Burns and NSI had unlawfully taken title to the property.

against Burns, NSI, and the Crosby Clinic. Kahn did not respond to the requests. As a result, on March 29, 2022, the Kirkebys and MHCD jointly filed an ex parte application to show cause asserting Kahn was in contempt of the stipulated orders. Kahn then removed the notice of pendency on the Camino Property before the application was considered by the trial court.

C. *Sanctions Against Burns and the Crosby Clinic*

After Burns failed to comply with the January 14, 2022 order requiring him to reconvey the property back to the Crosby Clinic, on March 2, 2022, the Kirkebys and MHCD jointly moved for terminating sanctions against Burns and the Crosby Clinic. The Kirkebys also moved for sanctions based on Burns failure to respond to discovery. The motions were not opposed, and on May 2, 2022, the trial court granted the motions, issuing terminating sanctions against Burns "based on his disobedience of the court's 1/14/22 order as to attorneys' fees and reconveyance of [the] property" and Burns's "repeated violations of orders." The court struck Burns's answers to the FAC and MHCD's cross-complaint, deemed all the matters alleged in the FAC and cross-complaint admitted, and entered default judgment against Burns in favor of the Kirkebys and MHCD. In addition, the trial court deemed all of the allegations against NSI and the Crosby Clinic (as well as the other entities controlled by Burns) admitted.

When Burns still failed to transfer the Camino Property, the Kirkebys and MHCD filed a joint application to appoint an elisor to sign a quit claim deed transferring title and improvements in the Camino Property to the Crosby Clinic. The court granted the application on June 10, 2022 and the property was transferred by quitclaim deed that day.

Anne Kahn, Inc. then brought a motion to intervene in the underlying proceedings, which the court denied. The parties have not submitted the

briefing on this motion as part of their appendices; only the court's denial order, filed on July 29, 2022. In the order, the court states its finding that Anne Kahn, Inc. and Burns forged a lease agreement between Anne Kahn, Inc. and NSI to prevent the sale of the Circle R Property.

D. *Dismissal of Kahn and Entity Defendants; Dissolution Settlement*

On September 26, 2022, the Kirkebys and MHCD dismissed Kahn from the underlying proceedings without prejudice, based on her lack of assets to satisfy a monetary judgment. Two days later, on September 28, 2022, a judgment of dissolution was entered in the divorce proceedings between Kahn and Burns. The judgment incorporated a marital settlement agreement (MSA), which included a document titled "Settlement Agreement" and another titled "Stipulated Addendum to Judgment of Dissolution of Marriage and Marital Settlement Agreement."

The Settlement Agreement, incorporated into the MSA, provides that title in the Camino Property would be transferred from the Crosby Clinic to Kahn free and clear of any interest of Burns or the Crosby Clinic. The document, however, stated that the transfer is "[s]ubject to approval by the Court in related matters, including the Kirkeby Matter...." The "Stipulated Addendum" states that the parties to the dissolution agreed that the Circle R and Camino Properties "shall be awarded to [Kahn] as her sole and separate property and the parties shall sign all documents necessary to transfer all two (2) properties to [Kahn]."

On September 30, 2022, Burns, as manager of the Crosby Clinic, transferred title in the Camino Property to Kahn by quitclaim deed.

E. *Trial and Post-Trial Proceedings*

On January 5 and 30, 2023, the parties in this matter proceeded to a bench trial on the issue of damages for the claims asserted against Burns.

9

The court's final decision issued after the trial notes that Burns was previously found guilty of contempt and that his liability was "established by motions well prior to trial." The court found that while the Kirkebys "were clearly evasive in cross-examination," they were "somewhat more persuasive than" Burns and had established their damages claims against him. The court concluded that "the evidence regarding intentional transfer of assets, sometimes in direct contravention of existing court orders, [wa]s abundant" and awarded the Kirkebys "$3,037,216 in damages directly related to the intentional actions" of Burns and also awarded treble damages, for a total compensatory damage award of $9,111,648. The court denied the Kirkebys' claim for punitive damages, finding they had not established that Burns would have the ability to satisfy such a judgment. Finally, the court found the Kirkebys were entitled to an award of attorney's fees and could seek them in postjudgment proceedings.

On March 16, 2023, Kahn filed an ex parte application to expunge the Camino stipulation. Therein, Kahn asserted she was the owner of the property pursuant to the judgment in her marital dissolution proceeding, that she had been dismissed from this case in September 2022, and that the Camino stipulation was never signed by the Crosby Clinic, which had been dismissed as a defendant in December 2022. Based on these assertions, Kahn argued the stipulated injunction preventing the transfer of the property pursuant to the MSA was void and no longer in effect. On March 20, 2023, the court denied the ex parte application, but set the matter to be determined by noticed motion and calendared a hearing for May 5, 2023.

Then, on March 29, 2023, the Kirkebys filed a motion to compel compliance with the Camino Property stipulated injunction. Therein, they asserted that Burns had again violated the injunction by transferring the

10

Camino Property to Kahn via quitclaim deed on September 30, 2022 pursuant to Kahn and Burns's marital dissolution judgment. The Kirkebys argued that the "quitclaim deed executed by Burns as managing member of the Crosby Clinic conveying title to Khan is a direct violation of the Camino [injunction] and a clear attempt to prevent the attachment and sale of an asset so as to defraud Burns's judgment creditors, the Kirkebys." They further argued that Burns and Kahn were bound by the injunction despite the fact that the Crosby Clinic was not a signatory to the stipulation because they had proven Burns was the entity's alter ego. In addition, the Kirkebys asserted the transfer was invalid as an unlawful attempt to defraud them as judgment creditors.

On April 11, 2023, Kahn filed her motion to expunge the stipulated injunction for the Camino Property. Therein, Kahn repeated the argument she advanced in her previous ex parte application—that the stipulated injunction did not preclude the transfer because the Crosby Clinic was not a party to it. She also asserted that the injunction was invalid because no real property claim supported the initial notice of pendency placed on the property.

The court entered judgment in favor of the Kirkebys on April 20, 2023. The judgment included the court's finding that "[p]rior to trial, the Court ordered issue sanctions against Burns and the Crosby Center Entities, inclusive of NSI and the Crosby Clinic, on the issue of liability and all matters alleged in the above referenced causes of action in the FAC were deemed admitted as to Burns and the Crosby Center Entities. This included admission of Paragraphs 25 through 28 of the FAC which alleged, among other things, that at all relevant times to these proceedings, Burns and the Crosby Center Entities, inclusive of NSI and the Crosby Clinic, were the alter

11

egos of each other, and further, the alter egos of Burns as well as each other's agent, servant, employee, assignee, successor-in-interest, co-conspirator and aider and abettor."

On May 5, 2023, the court granted the Kirkebys' motion to compel compliance with the stipulated injunction and denied Kahn's motion to expunge the order. The court's order detailed Burns's violations of the injunction with respect to the Camino Property and stated that the court "would be remiss if it did not explicitly note the history of willful violations by Burns of the December 17, 2019, [injunction] order" and that Burns had "failed to comply with multiple court orders."

The court rejected Kahn's argument that the stipulated injunction was void and ordered her to reconvey title in the Camino Property to the Crosby Clinic pursuant to the injunction and the court's authority under Code of Civil Procedure section 128, subdivision (a)(4). Kahn filed a timely notice of appeal from the court's order.

DISCUSSION

Kahn makes three arguments on appeal from the court's order. She asserts that because the transfer of the Camino Property was part of her judgment of dissolution, it is unquestionably valid. Second, Kahn asserts that because she was dismissed from the action before the Kirkebys brought their motion to compel compliance with the stipulated injunction, the court lacks jurisdiction to order her to transfer the property back to the Crosby Clinic. Finally, Kahn argues that because the Crosby Clinic was not a signatory to the stipulated injunction, it is also not bound by the order.

I

Kahn's first argument is not persuasive. In her brief, she provides no legal support for her assertion that because she and Burns entered an

12

agreement in their dissolution settlement for Burns to transfer the property to her, the litigation in this case and the court's order requiring compliance with the injunction is immaterial. As the Kirkebys point out, Kahn does not contest that the transfer of the Camino Property pursuant to the dissolution settlement agreements was done without notice to the court or parties in this case. She only states, again without any legal support for the assertion, that the dissolution judgment takes priority over the court's rulings in this case.

" 'To prevail on appeal, an appellant must establish both error and prejudice from that error. [Citation.] In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. ... [W]e may disregard conclusory arguments that are not supported by pertinent legal authority.' " (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597 (*Champir*); see also *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146.) Because Kahn provides no legal support or even argument as to why the dissolution judgment takes precedent over the trial court's prior orders in this case, we have no basis to overturn the court's ruling on this ground.

## II

Kahn next asserts that because she was dismissed from the underlying action prior to the court's ruling on the Kirkeby's post-judgment motion, the court lacked jurisdiction to order her compliance with the stipulated injunction order. In response to this argument, the Kirkebys argue that dismissal did not deprive the court of jurisdiction to adjudicate its motion because Kahn appeared in the action to oppose their motion to compel

13

compliance with the injunction order and also sought relief affirmatively through filing her motion to expunge the order.

As Kahn points out, "[a] voluntary dismissal of an *entire* action deprives the court of subject matter jurisdiction as well as personal jurisdiction of the parties." (*Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1192 (*Casa de Valley View*), italics added.) However, here, the Kirkebys' dismissal of Kahn without prejudice was not a dismissal of the entire action. Rather, "it was only a partial dismissal" and the FAC was still before the court. (*Ibid*.) "Thus the court retained subject matter jurisdiction and the action could continue." (*Ibid*.)

In addition, as the Kirkebys argue, Kahn "waived any lack of personal jurisdiction when [she] opposed on the merits the" Kirkebys' motion to compel enforcement of the stipulation. (*Casa de Valley View, supra*, 167 Cal.App.3d at p. 1192; see also Code Civ. Proc., § 410.50; *California Dental Assn. v. American Dental Assn.* (1979) 23 Cal.3d 346, 351–352.) "[A]lthough a [party] may make a special appearance to challenge the jurisdiction of the court over his person [citations], when he simultaneously answers to the merits he is no longer entitled to make this challenge. [Citations.] It is well settled that 'if a [person] wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only and must keep out for all purposes except to make that objection' [citation]; otherwise, he waives 'any right [he] may have to insist that jurisdiction of [his] person had not been obtained." (*Id*. at p. 352.)

Kahn both opposed the Kirkebys' motion to compel compliance with the stipulated injunction, and brought her own motion to expunge the injunction. Further, Kahn raised no objection to the trial court's jurisdiction over her in the proceedings below. Given these facts, we reject Kahn's claim that the

14

earlier voluntary dismissal without prejudice ended the court's subject matter or personal jurisdiction over Kahn with respect to the still-valid injunction.[5]

## III

Kahn's final argument is that the trial court could not compel Kahn to transfer the property to the Crosby Clinic because that entity was not a signatory to the stipulated injunction order. In addition, to avoid the argument that the Crosby Clinic is subject to the injunction because it was Burns's alter ego, Kahn asserts the FAC's allegations were insufficient to support an alter ego finding based on the trial court's terminating sanctions and subsequent default judgment. Kahn also argues the Kirkebys' aiding and abetting and conspiracy allegations are incompatible with alter ego

---

[5] In support of her jurisdiction argument, Kahn relies on *Casa de Valley View, supra*, 167 Cal.App.3d 1182, and *Walton v. Mueller* (2009) 180 Cal.App.4th 161. Neither case, however, shows the trial court in this case lacked jurisdiction over Kahn with respect to enforcement of the stipulated injunction. Rather, *Casa de Valley View* supports our conclusion that the court retained jurisdiction over Kahn for purposes of the Kirkebys' motion to compel compliance with the stipulated injunction. In *Casa de Valley View*, the plaintiffs argued the trial court lacked jurisdiction over them to enforce a judgment entered after settlement because they had voluntarily dismissed their claims prior to judgment pursuant to the settlement. (*Id*. at p. 1191.) The Court of Appeal rejected this argument, holding the court retained jurisdiction to enforce the terms of the settlement and also that jurisdiction was appropriate based on the plaintiffs' appearance in the case to oppose the other plaintiff's motion to enforce the settlement agreement. (*Id*. at p. 1192.) The same principle applies in this case.

*Walton v. Mueller, supra*, 180 Cal.App.4th 161 has no bearing on the issues presented here. There, the court held that because a judgment had already been entered in the case, Code of Civil Procedure section 664.6, which governs a motion to enter judgment based on a settlement agreement, was inapplicable. (*Id*. at p. 174.)

15

liability, foreclosing application of the injunction to the Crosby Clinic.  These arguments also lack merit.

## A

If terminating sanctions are imposed and a default judgment is entered as a result, the defaulting defendant is deemed to admit the material allegations of the complaint for purposes of the action.  (*Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742, 749 (*Vasey*); see also *Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361 [" 'Generally speaking, the party who makes default thereby confesses the material allegations of the complaint.' "].)  " 'Substantively, "[t]he *judgment by default* is said to 'confess' the material facts alleged by the plaintiff, i.e., the defendant's failure to answer[, or in this case the court's imposition of terminating sanctions,] has the same effect as an express admission of *the matters well pleaded in the complaint.*" ' [Citation.]  The 'well-pleaded allegations' of a complaint refer to ' " 'all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.' " ' " (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281.)

"In order to prevail in a cause of action against individual defendants based upon disregard of the corporate form, the plaintiff must plead and prove such a unity of interest and ownership that the separate personalities of the corporation and the individuals do not exist, and that an inequity will result if the corporate entity is treated as the sole actor." (*Vasey, supra*, 70 Cal.App.3d at p. 749.)  " 'Among the factors to be considered in applying the doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the

16

other.' [Citations.]  Other factors which have been described in the case law include inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers. [Citations.]  No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied."  (*Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 538–539 (*Sonora Diamond*).)

If the corporate form, or here the LLC, is disregarded, then the court will hold the alter ego—in this case Burns—"liable for the actions of the [entity]:  'As the separate personality of the [entity] is a statutory privilege, it must be used for legitimate business purposes and must not be perverted.' " (*Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 300 (*Mesler*).)  When the entity form "is abused it will be disregarded...so that the [entity] will be liable for acts of the [members] or the [members] liable for acts done in the name of the" entity.  (*Ibid*; see also *id.* at p. 301 ["The law of this state is that the separate corporate entity will not be honored where to do so would be to defeat the rights and equities of third persons."]; *Curci Investments, LLC v. Baldwin* (2017) 14 Cal.App.5th 214, 221 [" 'The alter ego doctrine prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds.' "].)

B

The Camino Property stipulated injunction precludes transfer of the property without notice and consent of the trial court.  There is no dispute that both Kahn and Burns were signatories to the injunction and bound by its terms.  As discussed, because the property's title was held by the Crosby Clinic and not individually by Burns, Kahn argues the stipulation did not

17

prevent the Crosby Clinic from transferring the property to Kahn. This argument fails both because Kahn herself was a party to the stipulated injunction, and because the allegations in the FAC that were admitted as a result of the court's imposition of terminating sanctions were sufficient to support the court's finding that the Crosby Clinic was Burns's alter ego.

Specifically, the FAC alleged the Crosby Clinic was the alter ego of Burns; Burns had sole control, management, and ownership of the entity; Burns diverted the assets of the entity for his personal use; the entity was a mere shell used to defraud the Kirkebys and MHCD; and the entity was a subterfuge for Burns fraudulent activity. These allegations, as admitted, sufficiently supported the trial court's finding that the Crosby Clinic was Burns's alter ego. (See *Sonora Diamond, supra*, 83 Cal.App.4th at p. 538 ["when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation"].) Accordingly, the trial court's finding that Burns's signature on the injunction stipulation as manager of the Crosby Clinic bound that entity to the stipulation was not error. (*Mesler, supra*, 39 Cal.3d at p. 300.)

We also reject Kahn's argument that the aiding and abetting allegations were inconsistent with the court's finding that the Crosby Clinic was Burns's alter ego, which Kahn argues precluded enforcement of the stipulation. As the Kirkebys point out, Kahn did not raise this argument in the trial court and has thus forfeited the argument for purposes of appeal. (See *Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767 [failure to raise an issue in the trial court forfeits the claim of error on appeal].) In addition, Kahn again provides no legal authority to support her assertion

18

that the aiding and abetting allegations negate the alter ego findings. Accordingly, we disregard this "conclusory argument[] that [is] not supported by pertinent legal authority.' " (*Champir, supra*, 66 Cal.App.5th at p. 597.)

Even without these procedural grounds for rejecting Kahn's argument, the argument is not persuasive. The fact that the Kirkebys alleged aiding and abetting liability against Burns and the various entities he controlled is not relevant to whether the stipulated injunction is enforceable against Kahn and the Crosby Clinic. Whether aiding and abetting liability is unavailable because the entity defendants were merely alter egos of Burns, and thus could not conspire with him, has no bearing on the determination of whether the Crosby Clinic is bound by Burns's agreement to the stipulation. Put simply, whether entities in which the corporate veil has been pierced can engage in aiding and abetting or conspiring to commit fraud with their alter ego is a completely separate legal question than whether the Crosby Clinic

should be treated as a separate entity for purposes of enforcing the stipulated injunction.[6]

## DISPOSITION

The order is affirmed.  Respondents are awarded their costs on appeal.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

CASTILLO, J.

---

[6]    Because we reject Kahn's arguments, we need not reach her alternative claim that the Kirkebys were not entitled to relief under the Uniform Voidable Transactions Act.  The trial court did not consider this claim and there is no basis for us to address the issue on appeal.